```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
```
_____

| | |
|---|---|
| **MARSHALL PATRICK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cv-2659-SHL-tmp |
| | ) |
| **RENA MAE CHILDRESS, et al.,** | ) |
| | ) |
| Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Marshall Patrick's complaint against Rena Mae Childress, West Patrick, Jr., Fannie Sue Brown, John F. Patrick, and Elijha Patrick.[1] Because Patrick is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the below reasons, the undersigned recommends that Patrick's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.   PROPOSED FINDINGS OF FACT

On September 22, 2022, Patrick filed a *pro se* complaint for violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) He also filed a motion to proceed *in forma pauperis*, which was

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

granted on September 28, 2022. (ECF Nos. 2; 6.) Using a form complaint provided by the Clerk's Office to assist *pro se* litigants asserting civil rights claims, Patrick wrote the below narrative in the space titled "Statement of Claim":[2]

> Rena Mae playing people out of family home. House four bedroom large room. Alice Patrick past [sic] 3 years ago. Rena not doing right taking everything not give other family seven of us as now only four left. One sister Manny Piolet past [sic]. She has a daughter named [illegible]. I've have to [illegible] or hope the state can help me as of getting me a lawyer to get compensation and restertioshon [sic] to get some help to receive each something as I've a dairy reader by my momma have it.

(Id. at PageID 2.) In the section of the complaint titled "Relief," Patrick states:

> Possible send or get me in touch with a lawyer that can help me as having deft need help get attorney to help me, to receive something as my sister Rena and only brother West Patrick to pay me monthly as of the family house. As they renting house and not give anyone no money. It's the house at 1499 Rayner St. Not doing right. Need attorney please send me a responsible lawyer attorney to get payed [sic].

(Id. at PageID 3.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim

---

[2]Patrick's complaint is handwritten and at times difficult to decipher, so the court provides its best interpretation of his claims.

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

B.   **Failure to State a § 1983 Claim**

Patrick's complaint is styled as an action brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. City of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988) (alteration in original)). Patrick appears be suing his siblings, who are private citizens, for failing to share the proceeds from renting their late mother's house. Patrick has not alleged that his siblings acted under color of state law, as is required to state a claim under § 1983, and his complaint is devoid of factual allegations that would be actionable under § 1983. Id. Accordingly, Patrick has failed to state a viable claim under § 1983.

### III.   RECOMMENDATION

Based on the above, it is recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 29, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**